UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA

      -v-

CHANG ZHEN JIN,

      Defendant.
-------------------------------------------------x

Docket No.: 07-CR-772-01 (CM)

Judge Assigned:
Hon. Colleen McMahon

# SENTENCE MEMORANDUM

**Docket No.: 07-CR-772-01 (CM)**

Dated: February 26, 2008
      Forest Hills, NY 11375

          s/Todd D. Greenberg, Esq.
          Todd D. Greenberg, Esq.
          ADDABBO & GREENBERG
          Attorneys for Defendant
          CHANG ZHEN JIN
          118-21 Queens Blvd. Suite 306
          Forest Hills, NY 11375

TO:    THE CLERK OF THE COURT

       AUSA Maria Douvas, Esq.
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007

       Emily Frankelis, Sr.
       U.S. Probation Officer
       United States Courthouse
       500 Pearl Street
       New York, New York 10007-1312

February 26, 2008

**VIA: ECF & HAND DELIVERY**

Hon. Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street - Suite 640
New York, New York 10007

    Re:   **U.S.A. v. Chang Zhen Jin**
             **Docket No. 07-CR-772-01 (CM)**
             **Date of Sentence: March 4, 2008**

Dear Judge McMahon:

    Please be advised this office represents the above named Defendant.

    Kindly accept this letter as a Pre-Sentence Memorandum on behalf of the Defendant Chang Zhen Jin.

    Mr. Jin pled guilty on August 16, 2007 to the one count Information charging Conspiracy to Traffic in Counterfeit goods, a Class D felony.

    The Probation Department calculates the total Offense Level as 19, the applicable guideline range as 30 to 37 months.

    A Plea Agreement was entered into which sets forth as follows:

> However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be

considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Section 3553(a) requires a sentence that is "sufficient", but not greater than necessary" to satisfy sentencing specific goals, including just punishment, deterrence of future criminal conduct, and correctional treatment. See 18 U.S.C. §3553(a) (2). Section 3553(a) further directs courts to consider the kinds of sentences available, "the nature and circumstances of the offense" and "the history and characteristics" of the defendant. See 18 U.S.C. §3553(a) (1), (3)-(4).

In United States v. Crosby, 397 F.3d 103 (2d Cir. 2006), the Second Circuit held that while a sentencing court must consider the guidelines, "…..we will not prescribe any formulation a sentencing judge will be obligated to follow in order to demonstrate discharge of the duty to "consider" the guidelines." 397 F.3d at 113.

In United States v. Fernandez, 443 F.3d 19 (2d Cir 2006), the Second Circuit held it "…..decline(s) to establish any presumption, rebuttable or otherwise, that a guidelines sentence is reasonable."

In the case at bar, it is submitted that there are alternative sentences that this Court can impose, other then a prison sentence of thirty to thirty-seven months, which would be reasonable and sufficient under the circumstances, taking into consideration the Defendant's role in the offense, his lack of criminal history, his personal history and characteristics, while, at the same time, punishing the Defendant for his criminal conduct.

## HISTORY AND CHARASTERISTICS OF THE DEFENDANT; FAMILY CIRCUMSTANCES AS A FACTOR IN DETERMINING SENTENCE

The Supreme Court, in *U.S. v. Booker*, concluded that the Federal Sentencing Guidelines, if mandatory, would violate the Sixth Amendment, and therefore must be merely advisory and considered in light of other concerns. 543 U.S. 220, 222 (2005).

One of the factors that the court may consider when ordering a sentence is "family circumstances." *U.S. v. Fearon-Hales*, 224 Fed.Appx. 109, 113 (2d Cir. 2007) (finding with regard to family ties and favorable employment record, "following the Supreme Court's decision in *Booker*, the sentencing court has discretion to consider these factors"); *U.S. v. Valentin*, 239 Fed.Appx. 674, 679 (2d Cir. 2007) (finding that the district court considered defendant's family history and other mitigating factors for purposes of sentencing); *U.S. v. Bello-Mosqueda*, 183 Fed.Appx. 133, 135 (2d Cir. 2006) ("The district court expressly noted . . . defendant's family circumstances . . . .").

In *U.S. v. Johnson*, the court maintained, "The government would have us hold that family circumstances, taken alone, can never justify a downward departure. This

position flows from a misreading of the Sentencing Guidelines, and we reject it." 964 F.2d 124, 126 (2d Cir. 1992). There, the court departed down by thirteen levels for the defendant's family circumstances. *Id.* at 125. *Id.*

Furthermore, downward departure is not the only option available within the district court's "considerable discretion" when there are extraordinary family circumstances. The District Court for the Southern District of New York explained, "[W]ithin the post-*Booker* sentencing regime, a district court could impose a Guidelines sentence with a family circumstances departure based on sufficient findings or, alternatively, impose a non-Guidelines sentence based on the same considerations of family circumstance." *U.S. v. Kon*, No. 04 CR 271-03 (RWS), 2006 WL 3208555 (S.D.N.Y. Nov. 2, 2006). In *Kon*, the court considered the defendant's family circumstances and found them sufficient to support either a downward departure pursuant to U.S.S.G. § 5H1.6 and 5K2.0(a)(4) or a non-Guidelines sentence under 18 U.S.C. § 3553(a)(1). *Id.*

It is respectfully requested this Honorable Court consider a non-Guideline sentence based on the Defendant's family circumstances.

The Defendant Chang Zhen Jin resides in Queens County with his wife, Chia Huang, and their three sons: David Jin, age 20, Ernest Jin, age 19 and Kenny Jin, age 12. The Defendant's wife is self-employed, selling cosmetic and skin care products on line via Market America. She also works at night, selling skin care and make-up applications.

The Defendant's children are students with David attending Baruch College, Ernest attending CUNY City College and Kenny still in high school.

The Court's attention is respectfully called to the letters of the Defendant's wife and children which are attached hereto as Exhibit A. It is respectfully requested that this Honorable Court consider the sentiments set forth by the Defendant's family as mitigating against his criminal conduct and helping this Honorable Court to reach a reasonable alternate sentence that includes Probation and House Arrest.

The children relate that the Defendant was a good father and was there for his children while they were growing up. When he became ill with diabetes, according to David, the Defendant became "grumpy". Nevertheless, he worked as hard as he could to support the family.

When the Defendant traveled to China to get traditional pain management treatment for his back pain, the family unit was not the same for that 2 year period. It is related to me by the entire family that only with the support of the Korean church, the Jin family made it through the hard times. Ms. Jin relates that in 2005, out of desperation, the Defendant was introduced to a Chinese doctor who told him that he

must get good rest along with traditional treatment in China or else he will become paralyzed. The Defendant's medical conditions are more fully set forth in detail below.

Attached hereto as Exhibit B are photographs of the Defendants and various members of his family, taken before the Defendant left for China, during different stages of the Defendant's life, which shows a strong family unit. As stated by the Defendant's older son David, the Defendant has made great efforts to keep the family together during the Defendant's two years in China when he was seeking medical attention, David relates how hard it was for the family both "financially and mentally". David further relates how the sense of family was once again restored when his father returned from China.

Mrs. Jin states the Defendant has been living with back pain and diabetes and had no alternative but to seek the traditional treatment in China. She relates how important the presence of the Defendant is to the emotional well being of herself, their three children, and to the family unit. Additionally, the Defendant is helping his wife in business and bringing further income to the family by selling goods on Saturdays and Sundays via his street vendor license.

## ROLE IN THE OFFENSE

The Information sets forth in Count One the charge of Conspiracy to Traffic in Counterfeit Goods, to which the Defendant readily admitted his role. However, the Conspiracy included, through co-conspirators, thousands of dollars in bribes that were paid to an agent of the Department of Homeland Security, Immigration and Customs Enforcement, who was acting in an undercover capacity.

The Defendant had no knowledge of the acts of his co-conspirators in this regard. The Defendant was a distributor of the Counterfeit Goods as a vendor and, although part of the conspiracy, was not a leader or organizer of this conspiracy.

## DEFENDANT'S MEDICAL CONDITION

Mr. Jin has extensive medical problems and has been suffering much of his adult life. He has been diagnosed with diabetes, hypertension, lower back pain, and diabetic nephropathy, which conditions are chronic and are stabilized with multiple medications and physical therapy.

Attached hereto as Exhibit C are the medical records of Dr. Bin Wang, of Grace Medical Care. Mr. Jin has been on Dr. Wang's care since August 8, 2004 for diabetes and hypertension.

Due to Mr. Jin's chronic low back pain, lumbar sacral radiculitis and hand numbness, Dr. Wang referred Mr. Jin to Dr. Fong Lu whose records are attached hereto as Exhibit D.

In turn, Dr. Fong Lu referred the Defendant to Dr. Peter Zheng, a surgeon, who made a pre-operative diagnosis of Disc herniation with radiculopathy, lumbar and performed a Lumbar epidural steroid injection on October 5, 2007, Exhibit E.

Indeed, attached hereto as Exhibit F, are records from Dr. Kin Yui Lam indicating a history of Mr. Jin's diabetes and severe lower back pain as of May 6, 1997 and, as indicated in the history, a condition that began approximately six years prior to that date.

Indeed, it is the history of that pain that caused Mr. Jin to leave his family and seek treatment in China to relieve his pain from early 2005 to May, 2007. Attached hereto as Exhibit G are some of the records of the General Hospital of Air Force where Mr. Jin was diagnosed with damaging and degradation spine decease and treated with a regiment of physical therapy and acupuncture treatment. Indeed, Mr. Jin advises that between treatments, and as part of his treatment he would lay still on his back in an effort to be cured of the extreme pain. Attached are receipts of out-patient visits.

## **CORRECTION TO PROBATION REPORT-PARAGRAPH 67**

With regard to the properties listed in paragraph 67, please be advised of the following:

1. 15-45 150th Place, Whitestone: This is the primary residence of the Defendant and his family.

2. 225 East 86th Street, Unit 308 New York, New York: not owned by this Defendant and listed in error as his property.

3. 45-08 80th Street, Apt. 3A, Queens, New York: not owned by this Defendant and listed in error as his property.

4. 87-34 26th Street, Brooklyn, New York: sold and the proceeds went into the purchase of 156-45 150th Place.

## **CONCLUSION**

It is respectfully requested that this Honorable Court sentence the Defendant to probation and home confinement as an alternative to prison. Such a sentence would be "sufficient" to satisfy sentencing goals.

The Defendant has no prior criminal record, has a history of serious medical conditions which will make imprisonment harsher for him then it would be for a person without such ailments, and has a family that is dependent on him for moral and, to some extent, financial support. Although, the Defendant did voluntarily absent himself from the family unit for two years, that absence was due to extreme pain which forced him to go to China to receive traditional treatments. This is an important time in life for the Defendant's three young sons and the presence of the father is the household is important. Although the Defendant admits his guilt, he was certainly not the leader or organizer of this criminal conduct.

Thank you for your attention and consideration.

Very truly yours,

ADDABBO & GREENBERG

s/Todd D. Greenberg, Esq.

TDG/id

cc:   The Clerk of the Court

AUSA Maria Douvas, Esq.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Emily Frankelis, Sr.
U.S. Probation Officer
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   U.S.A. v. Chang Zhen Jin
      Docket No. 07-CR-772-01 (CM)

# LIST OF EXHIBITS

**Exhibit A**-   Letters of the Defendant's wife and children

**Exhibit B**-   Photographs of the Defendants and various members of his family.

**Exhibit C-**   Medical records of Dr. Bin Wang, of Grace Medical Care.

**Exhibit D-**   Medical records of Dr. Fong Lu.

**Exhibit E-**   Medical records of Dr. Peter Zheng.

**Exhibit F-**   Medical records from Dr. Kin Yui Lam.

**Exhibit G-**   Pertinent sections of the records of the General Hospital of Air Force.